UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61873 ROSENBAUM

CIV-DIMITROULEAS

WALLY E. DROSSIN,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

NATIONAL ACTION
FINANCIAL SERVICES, INC.,

        Defendant.
_____/



FILED by \_\_\_ D.C.
INTAKE

DEC 21 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## CLASS ACTION COMPLAINT
## AND JURY DEMAND

1.    Plaintiff Wally E. Drossin, on behalf of herself and all others similarly situated, alleges Defendant National Action Financial Services, Inc. violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. §§559.55 *et seq.* (hereinafter "FCCPA"), by failing to identify itself and failing to inform the consumer that "this is an attempt to collect a debt."

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, WALLY E. DROSSIN, is a natural person who resides in Broward County, Florida.

4. Plaintiff, WALLY E. DROSSIN, is a "consumer" as defined by 15 U.S.C. §1692a(3) and Fla. Stat. §559.55(2).

5. Defendant, NATIONAL ACTION FINANCIAL SERVICES, INC. (hereinafter "NAFS"), is a corporation with its principal place of business at 165 Lawrence Bell Dive, Williamsville, New York 14221.

6. Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

7. NAFS regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

9. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

### October 15 and 16, 2007

> I am calling with the offices of National Action Financial Services. This message is being left in accordance with both Federal and State regulations. Unfortunately due to

2

the sensitive nature of this call, Federal laws prohibit the disclosure of any additional information at this time. If you intend to protect your rights as a consumer you will contact me immediately at 1-800-443-2918. That is 1-800-443-2918.

My name is Mr. Marcio. I am calling with the offices of National Action Financial Services. This message is being left in accordance with both Federal and State regulations. Unfortunately due to the sensitive nature of this call, Federal laws prohibit the disclosure of any additional information at this time. If you intend to protect your rights as a consumer you will contact me immediately at 1-800-443-2918. That is 1-800-443-2918.

**November 10, 19, 26, 30, 2007 and December 10, 19, 2007**

This is Rick Braun and this message is from National Action Financial Services, a debt collections agency. Please return our call upon receipt of this message so that we can resolve the issue in our office. You can return this call to 1-800-304-8519, extension 2213. Our office will be open until 9 PM Eastern time. Again the phone number to return the call to is 1-800-304-8519, extension 2213 and ask for Rick Braun.

10. Based upon information and belief, Defendant left similar or identical messages on other occasions within one year of the filing of this Complaint. (Collectively, "the telephone messages").

11. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).

12. Defendant failed to inform Plaintiff in the telephone messages that the communication was from a debt collector and failed to disclose the purpose of

Defendant's telephone messages.

## CLASS ACTION ALLEGATIONS

13. This action is brought on behalf of two classes.

14. The FDCPA class is defined as (i) all Florida residents to whom Defendant NAFS left a telephone message similar to the message left for Ms. Drossin (ii) in an attempt to collect a debt incurred for personal, family, or household purposes (iii) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

15. The FCCPA class is defined as (i) all Florida residents to whom Defendant NAFS left a telephone message similar to the message left for Ms. Drossin (ii) in an attempt to collect a debt incurred for personal, family, or household purposes (iii) during the two years period prior to the filing of the complaint in this matter through the date of class certification.

16. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

17. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether defendant is a debt collector.

4

      b.      Whether Defendant's telephone messages violate the FDCPA.

      c.      Whether Defendant's telephone messages violate the FCCPA.

18.    The claims of Ms. Drossin are typical of those of the class members. All are based on the same facts and legal theories.

19.    Ms. Drossin will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

20.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

21.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      a.      The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

      b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Plaintiff requests certification of a hybrid class combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff incorporates the foregoing Paragraphs.

24. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

25. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. §1692d(6). See: *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (N.D.Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp.2d 1104 (S.D.Cal. 2005).

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

27. NAFS's violations of the FCCPA include, but are not limited to, the following:

    a. Asserting the existence of some other legal right when such person knows that the right does not exist, in violation of Fla. Stat. §559.72(9).

WHEREFORE, WALLY E. DROSSIN, requests that the Court enter judgment in favor of Plaintiff and the class she seeks to represent against Defendant, NATIONAL ACTION FINANCIAL SERVICES, LLC for:

A. Certification for this matter to proceed as a class action;

B. Declaratory relief that NAFS's telephone messages violate the FDCPA and the FCCPA;

C. Enjoin NAFS from leaving telephone messages similar to those left for Plaintiff, pursuant to the FCCPA, Fla. Stat. §559.77;

D. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

E. Statutory damages pursuant to Fla. Stat. §559.77;

F. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §169k(a)(3) and Fla. Stat. §559.77; and

G. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff, WALLY E. DROSSIN, demands trial by jury.

Dated this 20 day of December, 2007.

DONALD A. YARBROUGH, ESQ.
Post Office Box 11842
Fort Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By: _____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

O. Randolph Bragg, Esq.
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312 372-8822
Facsimile: 312-372-1673
rand@horwitzlaw.com

ATTORNEYS FOR PLAINTIFF

# CIVIL COVER SHEET

CIV-DIMITROULEAS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ROSENBAUM

FILED by _____ INTAKE
DEC 21 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
OF FLA. - FT. LAUD.

**I(a) PLAINTIFFS**

Wally E. Drossin

**DEFENDANTS**

07-61873

National Action Financial Services, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:07CV61873-WPD-Rosenbaum

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. 1-2 days estimated (for both sides) to try entire case 15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability   **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine   ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability   ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle   ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**   **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment   ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations   ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 540 Mandamus & Other* |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights   ☐ 550 Civil Rights *A or B |  |  | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property |  |  |  |  |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Refiled   ☐ 5. Transferred from another district (specify)   ☐ 6. Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION Yes   DEMAND $ N/A   ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: December 20, 2007   SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT   FOR OFFICE USE ONLY: Receipt No. _____   Amount: 350.00   Date Paid: _____   M/ifp: _____

S/F 1-2 REV. 9/94

541852