UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  Case No.: 07-61873-Civ-Dimitrouleas/Rosenbaum

WALLY E. DROSSIN,
 on behalf of herself and
all others similarly situated,

    Plaintiff,

        v.

NATIONAL ACTION
FINANCIAL SERVICES, INC.,

    Defendant.
_____/

# FIRST AMENDED
# CLASS ACTION COMPLAINT
# AND JURY DEMAND

1.      Plaintiff Wally E. Drossin, on behalf of herself and all others similarly situated, alleges Defendant National Action Financial Services, Inc. violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. §§559.55 *et seq*. (hereinafter "FCCPA"), by failing to identify itself and failing to inform the consumer that "this is an attempt to collect a debt.

## I.  JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## II.  PARTIES

3. Plaintiff, WALLY E. DROSSIN, is a natural person who resides in Broward County, Florida.

4. Plaintiff, WALLY E. DROSSIN, is a "consumer" as defined by 15 U.S.C. §1692a(3) and Fla. Stat. §559.55(2).

5. Defendant, NATIONAL ACTION FINANCIAL SERVICES, INC. (hereinafter "NAFS") , is a corporation with its principal place of business at 165 Lawrence Bell Dive, Williamsville, New York  14221.

6. Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

7. NAFS regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA and the FCCPA.

## III.  FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

9. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

October 15 and 16, 2007

 I am calling with the offices of National Action Financial Services. This message is being left in accordance with both Federal and State regulations. Unfortunately due to the sensitive nature of this call, Federal laws prohibit the disclosure of any additional information at this time. If you intend to protect your rights as a consumer you will contact me immediately at 1-800-443-2918. That is 1-800-443-2918.

 My name is Mr. Marcio. I am calling with the offices of National Action Financial Services. This message is being left in accordance with both Federal and State regulations. Unfortunately due to the sensitive nature of this call, Federal laws prohibit the disclosure of any additional information at this time. If you intend to protect your rights as a consumer you will contact me immediately at 1-800-443-2918. That is 1-800-443-2918.

 10. Based upon information and belief, Defendant left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

 11. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).

 12. Defendant failed to inform Plaintiff in the telephone messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's telephone messages.

### IV. CLASS ACTION ALLEGATIONS

 13. This action is brought on behalf of two classes.

 14. The FDCPA class is defined as (i) all Florida residents to whom Defendant NAFS left a telephone message (ii) in which Defendant, failed to state it

is from a debt collector, and/or that it was an attempt to collect a debt (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

15. The FCCPA class is defined as (i) all Florida residents to whom Defendant NAFS left a telephone message (ii) in which Defendant failed to state it is from a debt collector, or that it was an attempt to collect a debt (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the two years period prior to the filing of the complaint in this matter through the date of class certification.

16. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

17. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether defendant is a debt collector.

    b. Whether Defendant's telephone messages violate the FDCPA.

    c. Whether Defendant's telephone messages violate the FCCPA.

18. The claims of Ms. Drossin are typical of those of the class members. All are based on the same facts and legal theories.

19. Ms. Drossin will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

20. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

21. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Plaintiff requests certification of a hybrid class combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

### V.  COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff incorporates the foregoing Paragraphs.

24. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

25. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. §1692d(6).  See: *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (N.D.Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp.2d 1104 (S.D.Cal. 2005).

## VI.  COUNT II -- FLORIDA CONSUMER COLLECTION PRACTICES ACT

**26.** Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

27. NAFS's violations of the FCCPA include, but are not limited to, the following:

    a. Asserting the existence of some other legal right when such person knows that the right does not exist, in violation of Fla. Stat. §559.72(9).

WHEREFORE, WALLY E. DROSSIN requests that the Court enter judgment in favor of Plaintiff and the class she seeks to represent against Defendant NATIONAL ACTION FINANCIAL SERVICES, LLC for:

      A.      Certification for this matter to proceed as a class action;

      B.      Declaratory relief that NAFS's telephone messages violate the FDCPA and the FCCPA;

      C.      Enjoin NAFS from leaving telephone messages similar to those left for Plaintiff, pursuant to the FCCPA, Fla. Stat. §559.77;

      D.      Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

      E.      Statutory damages pursuant to Fla. Stat. §559.77;

      F.      Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§169sk(a)(3) and Fla. Stat. §559.77; and

      G.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff WALLY E. DROSSIN demands trial by jury.

s/ Donald A. Yarbrough
DONALD A. YARBROUGH, ESQ.
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
donyarbrough@mindspring.com

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES

25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 07-61873-Civ-Dimitrouleas/Rosenbaum

WALLY E. DROSSIN,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

NATIONAL ACTION FINANCIAL SERVICES, INC.

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 25, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          s/Donald A. Yarbrough
                                          Donald A. Yarbrough, Esq.

**SERVICE LIST**

Ms. James I. Sullivan, Esq.
Hinshaw & Culbertson LLP
Suite 500
100 South Ashley Drive
Tampa, FL 33602-5301
Telephone: 813-276-1662
Facsimile: 813-276-1956

Via Notices of Electronic Filing generated by CM/ECF