UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:  07-61873-Civ-Dimitrouleas/Rosenbaum

WALLY E. DROSSIN,
on behalf of herself and
all others similarly situated,

    Plaintiff,
v.

NATIONAL ACTION
FINANCIAL SERVICES, INC.,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Wally E. Drossin respectfully requests that the Court enter an order certifying this case as two class actions.  The FDCPA class is defined as (i) all Florida residents for whom Defendant National Action Financial Services, Inc. ("NAFS") left a telephone message (ii) in which Defendant failed to state that the call was from a debt collector and/or that the purpose of the call was to collect a debt (iii) incurred for personal, family, or household purposes (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.  The FCCPA class is  defined as (i) all Florida residents to whom Defendant NAFS left a telephone message (ii) in which Defendant failed to state that the call was from a debt collector and/or that the purpose of the call was

to collect a debt (iii) incurred for personal, family, or household purposes (iv) during the two years period prior to the filing of the complaint in this matter through the date of class certification.

   In support of this motion, Plaintiff states the following:

   1. Plaintiff filed this purported class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. §§559.55 *et seq.* (hereinafter "FCCPA")

   2. The policy and practice of Defendant NAFS is or was to leave telephone messages with residents of the state of Florida which violate the FDCPA by failing to indicate that the call is from a debt collector and/or state that the purpose of the call is to collect a debt.

   3. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

   4. Defendant NAFS has responded that 30,139 telephone messages similar to those received by Ms. Drossin have been left with Florida residents since  December 21, 2005and August 24, 2007.

   5. There are questions of law and fact common to the class, which common issues predominate over any issues affecting only individual class members.  The factual issue common to each class member is that each was left a

telephone message similar to those left for Ms. Drossin. The principal legal issues are whether Defendant's telephone messages violate the FDCPA and/or the FCCPA.

6. There are no individual issues other than identifying class members which may be accomplished through a review of Defendant's records. All of the debts involved are those incurred for personal, family, or household purposes.

7. Plaintiff's claims are typical of those of the class members. All are based on the same facts and the same legal theories.

8. Ms. Drossin will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue their action.

9. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §1692k(a)(2)(B) and §1692k(b)(2).

    b. Most of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices.  Indeed, the essence of Defendant's collection efforts is the deception and intimidation of consumers.

    c. The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are $1,000.

    d. Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

  10. The class may also be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

  11. Plaintiff requests certification of a hybrid class action combining Rule 23(b)(3) for statutory damages and Rule 23(b)(2) for declaratory judgment that defendant's letters violated the FDCPA.

  12. These grounds are further explained and supported by the accompanying memorandum of law.

 s/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

s/ Donald A. Yarbrough
DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
donyarbrough@mindspring.com

**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 07-61873-Civ-Dimitrouleas/Rosenbaum

WALLY E. DROSSIN,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

NATIONAL ACTION FINANCIAL SERVICES, INC.

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>November 4, 2008,</u> I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                             <u>s/Donald A. Yarbrough</u>
                                             Donald A. Yarbrough, Esq.

## **SERVICE LIST**

Ms. James I. Sullivan, Esq.
Hinshaw & Culbertson LLP
Suite 500
100 South Ashley Drive
Tampa, FL 33602-5301
Telephone: 813-276-1662
Facsimile: 813-276-1956

Via Notices of Electronic Filing generated by CM/ECF