**VUNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 07-61873-CIV-DIMITROULEAS/ROSENBAUM

WALLY E. DROSSIN,
on behalf of herself and
all others similarly situated,

Plaintiffs,

vs.

NATIONAL ACTION FINANCIAL
SERVICES, INC.,

Defendant.
_______________________________________/

**ORDER**

These matters are before the Court on Defendant's Motion for Protective Order [D.E. 25], Defendant's Motion to Compel Audio Tapes and Correspondence Identified in Plaintiff's Rule 26 Disclosures [D.E. 27], and Plaintiff's Motion to Compel [D.E. 31]. On November 25, 2008, the Court held a hearing on these Motions, and both parties appeared and presented argument. [D.E. 28, 34]. After review of the Motions, all responsive filings and briefs, and the Court file, as well as the parties' arguments at the November 25th hearing, the Court orally denied Defendant's Motion for a Protective Order, granted Defendant's Motion to Compel Audio Tapes and Correspondence Identified in Plaintiff's Rule 26 Disclosures, and granted Plaintiff's Motion to Compel. This Order memorializes the Court's oral ruling at the November 25th hearing.

***I. Background***

Plaintiff Wally E. Drossin filed this action on December 21, 2007, on behalf of herself and all others similarly situated, alleging Defendant National Action Financial Services, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, and the Florida Consumer

Collections Practices Act, Fla. Stat. §§ 559.55, *et seq.*, by failing to identify itself and failing to inform the consumer that "this is an attempt to collect a debt." [D.E. 1].

The Honorable William P. Dimitrouleas issued a Scheduling Order on February 25, 2008, setting the discovery deadline for November 28, 2008. [D.E. 12]. Defendant filed its Motion for Protective Order on November 20, 2008. [D.E. 25]. In its Motion, Defendant sought a protective order delaying the deposition of its corporate representative and assistant general counsel scheduled for November 21, 2008, until such time as certain audio tapes of Defendant and certain correspondence referred to by Plaintiff in her Initial Disclosures on February 4, 2008, were provided to Defendant. *Id.*, ¶ 1.

On the same day, Defendant also filed a Motion to Compel Audio Tapes and Correspondence Identified in Rule 26 Disclosures, regarding the same audio tapes and correspondence at issue in its Motion for Protective Order. [D.E. 27]. According to Defendant, Plaintiff and Defendant agreed in early November, 2008, that Defendant's corporate representative and general counsel would appear for a deposition on November 21, 2008, as noted in the Notice of Deposition dated November 4, 2008. [D.E. 25 ¶ 2.c.]. Defendant asserted in its Motions that Plaintiff's Initial Disclosures dated February 4, 2008, "identified 'audio tapes of telephone messages left by Defendant on Plaintiff's telephone voice mail,' and 'correspondence from [D]efendant to [P]laintiff' . . . ." *Id.*, ¶ 2.d; *see also* D.E. 27, ¶ 1.a. Defendant also stated that pursuant to disclosure requirements under Rule 26, "Plaintiff has effectively represented that the tapes will be primary evidence at trial . . . ." [D.E. 25, 1.c.]. In preparation for Defendant's corporate representative deposition, " . . . Defendant sent an email request on November 19, 2008, to Plaintiff's attorney . . . asking that the audio tapes described in the Rule 26 Disclosure be immediately produced for examination by Defendant." *Id.*, ¶ 2.e; *see also* D.E. 27, ¶ 3. Defendant admitted that "Defendant had not previously served a Request to

Produce for these items pursuant to Rule 34." *Id.*; *see also* D.E. 27, ¶ 3. According to Defendant, "Plaintiff refused to produce the audio tapes and correspondence without articulation of substantive defense or some reason for said refusal." *Id.*, ¶ 2.f.; *see also* D.E. 27, ¶ 1.b. Upon refusal by Plaintiff to provide the audio tapes and correspondence, Defendant canceled the deposition of its corporate representative scheduled for November 21, 2008. *Id.*, ¶ 3; *see also* D.E. 27, ¶ 4.

In support of its Motion for Protective Order and Motion to Compel Audio Tapes and Correspondence, Defendant contended that the audio tapes, if they were allegedly transmitted by Defendant as represented by Plaintiff, constitute a "previous statement" of Defendant as described in Rule 26(b)(3), Fed. R. Civ. P. [D.E. 25, ¶ 1.c.]. Defendant argued that Rule 26(b)(3)(C) and precedent set forth in *Rofail v. United States*, 227 F.R.D. 53, 55 (E.D. N.Y. 2005), entitled Defendant "as a matter of right" to obtain a copy of previous statement made "merely upon request and without a showing of any kind." *Id.*, ¶ 6 (quoting *Rofail*). Defendant's argument was that Rule 26(b)(3)(C) "creates a special exception requiring only that opposing party make a request for production." [D.E. 27, ¶ 1.c.]. As such, Defendant alleged that Plaintiff's refusal to produce the recordings was "particularly egregious." *Id.*

Defendant further urged that it would be substantially prejudiced by delay of production of these tapes if its corporate representative was called upon to give testimony without an opportunity to examine the content, authenticity and all other aspects of these audio tapes prior to the deposition. *Id.*; *see also* D.E. 27, ¶ 1.d. Additionally, Defendant claimed that production of the "correspondence" was also necessary prior the deposition. *Id.*, ¶ 1.d. Without examination of the tapes and correspondence, Defendant asserted, it would be unable to prepare for deposition. *Id.*, ¶ 3. Finally, Defendant opined that neither party would be prejudiced by delay of the deposition at issue. *Id.*, ¶ 5. As relief, Defendant requested that 1) the Court enter a protective order that Plaintiff

be required immediately to produce the audio tapes and correspondence at issue prior to the scheduling of the deposition; 2) the deposition be continued for such a period if time as may be required to accomplish transfer of the tapes and correspondence, *id.* at 3; and 3) the Court grant its Motion compelling Plaintiff to produce the audio tapes and correspondence. D.E. 27 at 3.

On November 25, 2008, Plaintiff filed her Response to Defendant's Motions for Protective Order and to Compel, opposing both Defendants' Motions. [D.E. 31, 32]. Plaintiff also moved to Compel the Deposition of Defendant's corporate representative and to sanction Defendant for canceling the scheduled deposition. *Id.* Plaintiff alleged that 48 hours prior to the deposition of Defendant's corporate representative on November 21, 2008, Defendant "telephonically demanded from Plaintiff a copy of some audio recordings and letters." *Id.*, ¶ 1. Further, Plaintiff stated that "[t]his was Defendant's first request for these items." *Id.* According to Plaintiff, "Defendant asserted that if the requested items were not produced immediately, Defendant would not attend its deposition." *Id.*, ¶ 2.

Plaintiff argued that Defendant had no right to refuse to attend the scheduled deposition based on an "improper and belated telephonic request for production of documents from Plaintiff." D.E. 51, 52, ¶ 2. According to Plaintiff, "[i]f the requested items were so very important to Defendant that it could not attend the deposition without them, Defendant should have issued a request for production months ago." *Id.*, ¶ 3. Plaintiff complained that Defendant's request was unreasonable and not based upon a proper request as required by Federal Rules of Civil Procedure, and that Defendant's refusal to attend the deposition was unjustified. *Id.*, ¶ 3; p. 7.

According to Plaintiff's interpretation of the Federal Rules of Civil Procedure and the case law, in order for Defendant to receive the audio tapes and correspondence of Defendant's previous statements, Defendant needed make a written production request pursuant to Rule 34, and not merely

a telephonic request for immediate production. D.E. 51, 52, ¶ 9. In support of her position, Plaintiff directed the Court to *Stanley Vinet v. F & L Marine Management, Inc.*, 2004 WL 3312007, *3-4 (E.D. La. April 29, 2004), as the proper standard to follow in this case. *Id.*, ¶ 11-12. In Plaintiff's description of the holding in *Vinet*, she noted that the court granted a motion to compel for prior party statements because they had been requested pursuant to Rule 34, but refused to compel accident reports because the moving party had not served a written request for the accident reports pursuant to Rule 34. *Id.* Based on this interpretation of *Vinet*, Plaintiff argued that due to Defendant's failure to make a timely written request under Rule 34, Plaintiff was justified in refusing to provide the tapes or correspondence immediately to Defendant upon telephonic demand, and should not be compelled to produce those items improperly requested under the Rules. *Id.*, ¶ 12-14..

Furthermore, Plaintiff contended that Defendant's reliance on the *Rofail* case was misguided. *Id.*, ¶ 4. Plaintiff noted that in *Rofail*, the party seeking previous statements had served a written request for production that had been unanswered by the opposing party, and the opposing party refused to provide the previous statements because it wanted testimony without the recorded party first being able to hear the recordings and tailor its testimony accordingly. *Id.* In contrast, in this case, Plaintiff claimed that Defendant failed to propound any discovery requests, and, thus, there was nothing to compel. *Id.*, ¶ 5.

Finally, Plaintiff claimed the "significance of the audio recordings is so very limited that Defendant's refusal to attend its deposition because of them can only be described as a ruse for some other unknown reason Defendant did not want to attend the deposition." [D.E. 51, 52, ¶ 13]. Plaintiff supported this argument by noting that verbatim transcripts of the tapes were included in the Amended Complaint. *Id.* Additionally, Plaintiff alleged that these audiotapes were pre-recorded messages and presumed that Defendant had copies of its own pre-recorded messages transmitted to

Plaintiff. *Id.* Based on the foregoing, Plaintiff requested the Defendants' Motions be denied. *Id.*

In her Motion, Plaintiff also moved to compel Defendant to attend its deposition immediately and requested that Defendant be sanctioned for Defendant's improper canceling of the deposition. [D.E. 51, 52, ¶ 10]. According to Plaintiff, as Defendant did not follow proper procedure for requesting the tapes and correspondence, Plaintiff had a right to refuse to turn them over immediately and Defendant was unjustified in canceling of the deposition. As a sanction, Plaintiff requested that Defendant's corporate representative be required to appear for the deposition that was originally scheduled to take place in Buffalo, New York, in Fort Lauderdale, Florida. *Id.* Plaintiff claimed that she needs the deposition in support of her motion for summary judgment and therefore must obtain it by the December 12, 2008, deadline. *Id.* She further indicated that she required the deposition as soon as possible to obtain information in support of her Motion for Certification of Class now pending. *Id.* Plaintiff asked that Defendant's corporate representative be required to attend the deposition by December 2, 2008. *Id.*

The Court held the hearing on the parties' Motions on November 25, 2008, and both parties appeared and made argument. [D.E. 34]. At that time, Plaintiff reaffirmed that her sole opposition to providing the recordings and correspondence requested by Defendant to Defendant was based on Defendant's failure to request the items pursuant to a Rule 34 request for production. After hearing argument, the Court granted Defendant's Motion to Compel, ordering Plaintiff to produce the recordings and correspondence at issue forthwith. Additionally, the Court granted Plaintiff's Motion to Compel to the extent that it sought to require Defendant to appear for its deposition by December 2, 2008. The Court denied Defendant's Motion for Protective Order.

## ***II. Analysis***

Because the nub of the parties' disagreement depends on whether a party is required to serve

a Rule 34 request for production before it is entitled to obtain its own previous statement under Rule 26(b)(3)(C), Fed. R. Civ. P., the Court begins its analysis with a review of Rule 26(b)(3)(C). Under Rule 26(b)(3)(C),

> . . . ***Previous Statement***. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:
>
> (i) a written statement that the person has signed or otherwise adopted or approved; or
>
> (ii) a contemporaneous stenographic, mechanical, electrical, or other recording – or a transcript of it – that reflects substantially verbatim the person's oral statement.

*Id.* (emphasis in original). In this case, the parties agree that the recordings and correspondence constitute "previous statement[s]" of Defendant subject to this rule.

Therefore, the Court turns to the procedural mechanism required by the Federal Rules in order to obtain such previous statements. Rule 26(b)(3)(C) provides only that a party may "on request . . . obtain [its] own previous statement." On its face, the rule does not refer to Rule 34, which governs requests for production, nor does it otherwise appear to demand compliance with Rule 34 in order for a party to obtain its prior statements from another litigant.

Because Rule 26(b)(3)(C) does not refer to Rule 34, the Court reviews Rule 34 to determine whether it places requests for prior statements made pursuant to Rule 26(b)(3)(C) under the umbrella of Rule 34 and thereby requires compliance with Rule 34 procedures in order to obtain such previous statements. Rule 34(a) states that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . ." Thus, by its terms, Rule 34(a) appears at first blush to apply to requests made under Rule 26(b)(3)(C) since such requests are made within the scope of Rule 26(b).

Consideration of the rest of Rule 26(b)(3)(C), however, requires the conclusion that requests

for previous statements made under Rule 26(b)(3)(C) constitute an exception to the requirements of Rule 34. To understand why, it is necessary to look to the remedies both for refusals to comply with a Rule 26(b)(3)(C) request for a previous statement and a Rule 34 request for production. When a party seeks court assistance upon an opposing party's refusal to produce documents requested under Rule 34, nothing in Rule 34 provides any indication as to how that party may obtain such court assistance. Rather, pursuant to the terms of Rule 37, the requesting party's remedy lies under Rule 37(a)(3)(B). Fed. R. Civ. P. 37(a)(3)(B). Rule 37(a)(3)(B), in turn, applies where a party seeks "[t]o [c]ompel a [d]iscovery [r]esponse." *Id.* More specifically, Rule 37(a)(3)(B)(iv) allows a party seeking discovery to move for an order compelling production if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

With respect to refusals to provide previous statements requested under Rule 26(b)(3)(C), on the other hand, Rule 37does not refer at all in its text to Rule 26(b)(3)(C) or to enforcement of that provision. Rather, Rule 26(b)(3)(C) contains the enforcement mechanism within its own text. Under the terms of Rule 26(b)(3)(C), if a request for previous statements is refused, the requesting party's remedy is to "move for a court order, and Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(b)(3)(C).

This distinction is significant because it indicates that the drafters of the Rules viewed the procedures for obtaining previous statements under Rule 26(b)(3)(C) and procuring materials pursuant to Rule 34 requests for production as separate and independent of each other. If it were necessary for a party to seek previous statements by making a Rule 34 production request, Rule 26(b)(3)(C) would not require its own enforcement mechanism; a party could seek enforcement merely by complying with Rule 37(a)(3)(B)'s provisions for compelling responses to Rule 34

production requests. Instead, however, Rule 26(b)(3)(C)'s enforcement mechanism bypasses Rule 37(a)(3)(B) and proceeds directly to Rule 37(a)(5). The only logical inference from the framers' construction of Rules 26(b)(3)(C), 34, and 37 is that the drafters of the Rules did not view the Rule 26(b)(3)(C) procedure for seeking previous statements as requiring compliance with Rule 34.

Returning to the language of Rule 26(b)(3)(C), the rule allows a party to obtain its previous statement "on request." Fed. R. Civ. P. 26(b)(3)(C). It does not contain any service, form, or content requirements, as Rules 33, 34, 36, and other rules do. Thus, while it is clear that the drafters of the Federal Rules knew how to impose such requirements when they wished to do so, it is equally apparent that they chose not to subject Rule 27(b)(3)(C) requests for previous statements to such demands. Rather, to obtain a previous statement under Rule 27(b)(3)(C), a party need only make a request for such a statement. No particular form is required.

Here, Defendant made such a request, and Plaintiff denied it. Plaintiff did not move for a protective order or file an appropriate motion with the Court requesting that production be delayed until after Defendant's deposition.[1] Under these circumstances, where Plaintiff's only opposition to Defendant's Rule 26(b)(3)(C) request for previous statements consisted of Plaintiff's argument that Defendant did not make its request through a Rule 34 request for production, Defendant's Motion to Compel must be granted.[2]

---

[1]Although Rule 26(b)(3)(C) contains no time frame for a response to a request for previous statements, the Advisory Committee Notes to the 1970 amendments to Rule 26(b) provide, "In appropriate cases the court may order a party to be deposed before his statement is produced." (citations omitted). Here, however, Plaintiff stated that he was not seeking to delay production, but rather, to reject production altogether because Defendant did not serve a Rule 34 request for production, and the discovery deadline would approach before a response to any newly served Rule 34 request for production became due.

[2]The cases cited by Plaintiff do not require a different result. While it is true that the courts in both *Rofail, supra,* and *Vitek, supra,* referred to the fact that the parties seeking previous

Although Plaintiff should have produced the requested previous statements of Defendant, Plaintiff's failure to do so did not relieve Defendant of its obligation to participate in its previously noticed deposition. Defendant knew of the existence of the recordings and correspondence at issue since the filing of the Complaint in the case in February, as the Complaint transcribes portions of those communications. Moreover, Defendant admits that Plaintiff disclosed the existence of the recordings and correspondence in its Initial Disclosures. Defendant also knew of the corporate deposition in early November, 2008. Yet Defendant waited until November 19, approximately 48 hours before the scheduled deposition, to request the previous statements at issue. Furthermore, in view of the fact that transcriptions of the statements at issue appear in the Complaint in this matter, it is difficult to conceive of how Defendant could have been prejudiced by not receiving the statements before its deposition.

Plaintiff suggested to the Court that it would incur significant expenses in having to reschedule the corporate deposition on such short notice. Defendant then offered to make its corporate representative available for deposition in South Florida, as opposed to New York. In view of the fact that Defendant should have proceeded with the deposition as scheduled under the circumstances, the Court ordered the deposition to occur in South Florida, as requested by Plaintiff and offered by Defendant. Consequently, the Court granted Plaintiff's Motion to Compel

---

statements had done so through Rule 34 production requests, the courts did not state that such a procedure was a mandatory prerequisite. Rather, they simply recounted that the parties had made such requests. As for the *Vitek* Court's refusal to consider a motion to compel production of accident reports for failure of the requesting party to request them pursuant to Rule 34, accident reports do not constitute previous statements of the party, and, thus, are not subject to the exception appearing at Rule 26(b)(3)(C). It is further worth noting that neither the *Vitek* Court nor the *Rofail* Court was presented with the question of whether the Federal Rules of Civil Procedure require a party seeking previous statements to make a Rule 34 request for production. Consequently, neither court had reason to analyze the Rules for that purpose.

Defendant's deposition and denied Defendant's Motion for Protective Order.

### *III. Conclusion*

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion for Protective Order [D.E. 25] is **DENIED,** Defendant's Motion to Compel Audio Tapes and Correspondence Identified in Plaintiff's Rule 26 Disclosures [D.E. 27] is **GRANTED**, and Plaintiff's Motion to Compel [D.E. 31] is **GRANTED.**

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 2nd day of December, 2008.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc: Honorable William P. Dimitrouleas
counsel of record