IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WALLY E. DROSSIN, *on behalf of herself and all others similarly situated*,

       Plaintiff,

vs.

NATIONAL ACTION FINANCIAL SERVICES, INC.,

       Defendant.

Case No. 07-61873-CIV
DMITROULEAS/ROSENBAUM

## NAFS'S SUMMARY JUDGMENT RESPONSE/REPLY BRIEF

### I.   INTRODUCTION

Plaintiff has abandoned her claim that the telephone voice messages left by NAFS violated Section 1692d(6) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et. seq.* Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp. Memo"), DE #79 at p. 5 fn. 1. Thus, only two claims remain before this Court.[1] First, Plaintiff's contention that that the October 15 and 16, 2007 voice messages violated Section 1692e(11) of the FDCPA because NAFS's did not explicitly state that it was a "debt collector" in those voice messages. Second, Plaintiff's claim that NAFS's alleged failure to identify itself as a debt collector constituted the assertion of the existence of legal right that NAFS knew did not exist in violation of Section 559.72(9) Florida Consumer Collection Practices Act ("FCCPA"), F.S.A. 559.70 *et. seq.*

Initially, Plaintiff's claims under both the FDCPA and FCCPA fail because does not have standing to bring those claims as she is not a "consumer" under the FDCPA or a "debtor" under

---

[1] In her original Complaint, Plaintiff alleged that she received two different voice messages from NAFS that violated the FDCPA and FCCPA. Defendant's Statement of Material Facts at #2. Plaintiff alleged that she received the first voice message on October 15 and 16, 2007 and received the second voice message on November 10, 19, 26, 30, 2007 and December 10, 19, 2007. *Id.* at #3. When Plaintiff filed her First Amended Complaint, she omitted the voice message she received from NAFS's on November 10, 19, 26, 30, 2007 and December 10, 19, 2007 in apparent recognition that the voice message complied with the law.

the FCCPA. Even if Plaintiff did have standing to maintain claims under the FDCPA and FCCPA, those claims fail on their merits. Further, the claims of the putative class[2] under the FDCPA fail because NAFS's sent letters to putative class members prior to making telephone calls to those individuals identifying itself as "debt collector" and its self-identification in the subsequent telephone calls adequately disclosed that it was a debt collector in light of its prior letters. Summary judgment in NAFS's favor on the claim under the FCCPA is proper because there is no evidence to support the legal theory on which that claim is premised, *eg.* that NAFS asserted the existence of legal right that it knew did not exist.

Even if the Court were to determine that a violation of either the FDCPA or the FCCPA occurred, NAFS prevails under the *bona fide* error defense. First, Plaintiff has conceded that any alleged violation of the FCCPA occurring before September 1, 2006 occurred as a result of a mistake of law by failing to respond that argument. Second, NAFS has a *bona fide* error defense to any alleged violation contained in the October 15 and 16, 2007 because that message was used in violation of NAFS's policy/procedure implemented on September 1, 2006 requiring review and approval of all voice messages by its in-house counsel prior to their use. Third, NAFS has a *bona fide* error defense unique to Plaintiff. The October 15 and 16, 2007 voice messages were not intended for Plaintiff and she received that message as a result of an error.

Plaintiff's request for summary judgment on the issue of damages is improper. Should an adverse determination of liability be made at the summary judgment stage, the issue of what amount of damages should be awarded remains a question of fact for a jury. Accordingly, should this Court reach Plaintiff's request that summary judgment be awarded as to the amount of damages, that request should be denied.

---

[2] As Plaintiff's Motion for Class Certification is still pending, NAFS addresses why summary judgment on the merits of the claims of the putative class is proper as well.

Finally, summary judgment should be granted in NAFS favor as to the equitable relief sought by Plaintiff. Plaintiff cannot obtain declaratory relief under the FDCPA and FCCPA in this case and Plaintiff's request for injunctive relief under the FCCPA is moot.

## II.     ARGUMENT

A.    **SUMMARY JUDGMENT IN NAFS'S FAVOR ON PLAINTIFF'S FDCPA AND FCCPA CLAIMS BECAUSE PLAINTIFF LACKS STANDING.**

   1.    **Plaintiff is not a "consumer" and NAFS's is entitled to summary judgment on the Section 1692e(11) claim.**

Plaintiff makes three arguments as to why she qualifies as a consumer under the FDCPA. First, Plaintiff argues that she is a consumer because the October 15 and 16, 2007 voice message referenced protecting "your rights as a consumer." Second, Plaintiff states that she is a consumer because she later believed NAFS's voice message was attempting to collect a debt from her when received a letter from NAFS regarding another account. Third, Plaintiff contends that every call from a debt collector is in regard to the collection of a debt and therefore, the disclosure that the call is from a debt collector is required in every communication. These arguments, however, are contradicted by the plain language of the FDCPA and ignore the distinctions the FDCPA draws between consumers and other individuals.

It cannot be disputed that certain sections of the FDCPA impose restrictions on the conduct of debt collectors when dealing with any individual while others apply only where the individual qualifies as "consumer." *Compare* 15 U.S.C. § 1692d with 15 U.S.C. § 1692e(11). Plaintiff's arguments ignore this important distinction. Plaintiff's arguments also ignore the statutory scheme of the FDCPA, which allows debt collectors to communicate with non-consumers but imposes certain non-disclosure requirements on them when communicating with non-consumers. *See* 15 U.S.C. § 1692b.

The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Thus, the definition of this term makes clear that an individual must at the very least be allegedly obligated to pay a debt to qualify as a consumer under the FDCPA. NAFS did not have an account for Plaintiff at the time of the October 15 and 16, 2007 voice messages, the October 15 and 16, 2007 voice messages never said Plaintiff owed any money, and NAFS never even spoke to Plaintiff about paying a bill. NAFS simply had the wrong telephone number. Plaintiff attempts to transform herself into a consumer based on the fact that NAFS later attempted to collect another debt from her. However, it is undisputed that when NAFS's left the October 15 and 16, 2007 voice messages it was attempting to contact an individual named J. Drossin and collect a debt from that individual.[3] DE # 49, Defendant's Statement of Material Facts ("Defendant's SMF") #25-27 and 35-37. Plaintiff was not a consumer within the meaning of the FDCPA on October 15 and 16, 2007 and cannot become one based on subsequent events. Because Section 1692e(11) of the FDCPA only regulates the disclosure of information to the consumer and Plaintiff is not a consumer, summary judgment in NAFS's favor on her Section 1692e(11) claim is proper. *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 2000 WL 1448635, 5 (S.D.N.Y. 2000) (granting judgment in defendant's favor because the plaintiffs were not consumers within the meaning of the FDCPA); *Conboy v. AT & T Corp.*, 84 F.Supp.2d 492, 504 -505 (S.D.N.Y. 2000) (same).

  2. **Plaintiff is not a "debtor" and does not have standing to maintain a claim under the FCCPA.**

The FCCPA provides that a debtor may bring a civil action against a person who commits a prohibited act, as set forth in F.S.A. § 559.72, while collecting consumer debts. F.S.A. § 559.77(1). A

---

[3] Plaintiff has failed to respond to many if not all of Defendant's Statement of Material Facts as required under Local Rule 7.5.C. As such, this Court may deem those facts admitted. Local Rule 7.5.D.

4

debtor is defined by the FCCPA as a natural person obligated or allegedly obligated to pay a debt. F.S.A. § 559.55(2). As explained in Section II.A.1 *supra*, NAFS was not attempting to collect a debt from Plaintiff when it left the October 15 and 16, 2007 voice messages. Thus, Plaintiff does not have standing to pursue a claim for an alleged violation of the FCCPA. *Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410, 7 (M.D.Fla. 2006). Accordingly, Plaintiff lacks standing to pursue a claim for an alleged violation of the FCCPA and summary judgment in favor of NAFS is proper.

**B.   SUMMARY JUDGMENT IN NAFS'S FAVOR ON THE FDCPA AND FCCPA CLAIMS IS PROPER.**

    **1.   The FDCPA Claim Fails.**

Plaintiff misinterprets *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (S.D.N.Y. 2006), and the FDCPA claim in First Amended Complaint fails as a result. Plaintiff erroneously claims that NAFS did not identify itself as a debt collector in violation of the FDCPA based on her misunderstanding of *Foti*. Summary judgment in NAFS's favor is proper because NAFS's self-identification by its name was a sufficient disclosure under Section 1692e(11). *Reed v. Global Acceptance Credit Co.,* 2008 WL 3330165, 8 (N.D.Cal. 2008); *Foti,* 424 F.Supp.2d at 669-670 (holding that that a debt collector can satisfy the disclosure requirements Section 1692e(11) without the verbatim use of the term "debt collector" in order to adhere to the requirements of Section 1692e(11))*; Epps v. Etan Industries, Inc.,* 1998 WL 851488, at *9 (N.D. Ill. 1998) (holding the same and granting summary judgment in favor of the debt collector based on the fact that the overall content of its letter indicated that it was from a debt collector) *Ross v. Commercial Fin. Servs., Inc.,* 31 F.Supp.2d 1077, 1079-80 (N.D.Ill.1999) (dismissing a debtor's Section 1692e(11) claim based on the same reasoning as *Epps*).

Plaintiff in an attempt to avoid the holdings of *Reed, Foti, Epps* and *Ross* argues that she did not receive a letter prior to receiving the October 15 and 16, 2007. As explained above in Section II.A.1, Plaintiff did not receive a letter prior to receiving the voice messages because she was not the

intended recipient of those voice messages. These factual circumstances are unique to Plaintiff and do not hold true for the putative class she seeks to represent.

With respect to the claims of the putative class, prior to the time any consumer receives a telephone calls from the auto-dialer, NAFS sends each consumer a letter identifying itself as a debt collector and that the purpose of its letter is to collect a debt and that any information obtained will be used for that purpose. DE # 49, Defendant's SMF at #23. NAFS's initial letter also contains the validation notice required by Section 1692g of the FDCPA. *Id.* at #24. Thus, like *Reed* and the subsequent conversations in *Foti (*424 F.Supp.2d at 669-670)*, NAFS's identification of itself by name taken in conjunction with its prior letter was sufficient to satisfy the disclosure requirement of Section 1692e(11).

In addition to identifying itself by name, NAFS's voice message on October 15 and 16, 2007 also contained other information that would inform the caller that it was from a debt collector. Specifically, NAFS's voice message twice referenced "Federal and State" regulations, "Federal" laws, and "rights as a consumer." NAFS's voice message also left a 800 number that belonged to NAFS. This information taken with the prior letter and NAFS self-identification adequately identified NAFS as a debt collector in accordance with Section 1692e(11). Accordingly, the Section 1692e(11) claims of the putative class fail.

### 2. The FCCPA Claim Fails Substantively As Well.

Plaintiff contends that the October 15 and 16, 2007 voice messages violated the FCCPA "by asserting '<u>the existence of some other legal right when such person knows that the right does not exist</u>,' *i.e.* – by failing to inform the consumer that its October 15 and 16, 2007 telephone messages were from a debt collector." DE #79, Pl. Opp. Memo at p. 11 (emphasis added).

Plaintiff's selective quotation of the text of Section 559.72(9) is telling. The text of Section 559.72(9) states that it is violated by "[a]sserting the existence of a some other legal right when such

6

person knows that the right does not exist[.]" (Emphasis added).  There is no assertion of a legal right in the October 15 and 16, 2007 voice messages.

Later, Plaintiff more fully articulates her theory when she alleges that "NAFS knew of the consumer's right to be informed that the communication was from a debt collector when it left its prerecorded messages for Ms. Drossin and the class members and intentionally violated the disclosure requirement." DE #79, Pl. Opp. Memo at p. 11-12.  This alleged conduct does not support the legal theory on which it purports to be premised.  Case law discussing violations of Section 559.72(9) has found that a violation of that Section requires proof of an <u>assertion</u> of a legal right that does not exist (eg., a debt is owed when it is not) and actual knowledge by the person asserting that right that it does not exist.  *See In re Cooper,* 253 B.R. 286 (N.D. Fla. 2000).  Leaving a voice message that lacks certain disclosures is not the same as knowingly <u>asserting</u> a legal right that does not exist.  At most, the failure to disclose that an entity is a debt collector is an omission.  An assertion is <u>not</u> the same as an alleged omission.  Accordingly, the FCCPA claims of Plaintiff and the putative class fail and summary judgment should be granted for NAFS.

C.  **SUMMARY JUDGMENT IN NAFS'S FAVOR IS PROPER BECAUSE IT HAS A BONA FIDE ERROR DEFENSE TO THE ALLEGED VIOLATIONS OF THE FDCPA AND FCCPA.**

   1.  **Plaintiff Concedes That NAFS's Has A Bona Fide Error Defense To Any Alleged FCCPA Violations That Occurred Before September 1, 2006.**

In its Motion for Summary Judgment NAFS's argued that any alleged violation of the FCCPA that occurred prior to September 1, 2006 was unintentional and occurred despite the maintenance of procedures reasonably adapted to avoid the alleged violation.  DE #48 at pp. 14-15. Specifically, NAFS argued that any alleged violation occurred as the result of a mistake of law. *Id.* (citing *Pescatrice v. Orovitz,* 539 F.Supp.2d 1375, 1379 (S.D.Fla. 2008); *McCorriston v. L.W.T, Inc.,* 536 F.Supp.2d 1268, 1274 (M.D.Fla. 2008)).  Plaintiff's Opposition concedes this point by failing to address this argument.  Thus, if NAFS has a *bona fide* error defense to any alleged violations of the

7

FCCPA occurring prior to September 1, 2006 and summary judgment on those claims in NAFS's favor is proper.

    **2.    NAFS's Has A Bona Fide Error Defense To The Alleged FDCPA Violations And To Any FCCPA Violations That Occurred After September 1, 2006.**

Plaintiff contends that NAFS's "merely claims" to have procedures in place to avoid the alleged FDCPA and FCCPA violations. Plaintiff argues that NAFS's procedures do not exist because those procedures allegedly were not memorialized in a written manual. DE # 82, Pl. Memo at p. 13. Plaintiff also states that NAFS did not produce documentation evidencing how its procedures were disseminated to employees, how those policies were enforced or provided to new employees. *Id.* Finally, and most erroneously, Plaintiff argues that "NAFS had no procedure to prevent the use of unapproved messages." *Id.* Plaintiff misunderstands NAFS's procedures regarding voice mail messages and thus, misconstrues NAFS's *bona fide* error defense.

NAFS has procedures reasonably adapted to avoid the alleged violations. *See* DE # 49, Defendant's SMF at #14-24. While NAFS permits its Team Managers to craft their own voice messages, since September 1, 2006 NAFS has had a policy that no voice message may be used until it has been reviewed and approved by its in-house counsel, Paul Labaki. DE # 49, Defendant's SMF at #19. Paul Labaki monitors both state and federal law for changes that may impact NAFS's use of voice messages. *Id.* at #18. This procedure ensures that all the voice messages used by NAFS have been reviewed and approved by an individual who is extremely familiar with the requirements of the FDCPA, state law and any recent changes with those requirements. Plaintiff has admitted that these procedures exist by failing to respond NAFS's Statement of Material Facts. Local Rule 7.5.D.

Plaintiff incorrectly argues that NAFS's allowed old voice messages to stay in use after September 1, 2006 – not true! While NAFS's did not take steps to erase old messages it did not allow those messages to be used and required any messages that were in use by its Collection Teams

8

to be reviewed by Paul Labaki pursuant to its procedures.  The voice messages Plaintiff received on November 10, 19, 26, 30, 2007 and December 10, 19, 2007 described in Plaintiff's Complaint, and omitted from Plaintiff's First Amended Complaint, were reviewed and approved by Paul Labaki pursuant to NAFS policies and procedures. *Id.* at #20.  These messages fully comply with state and federal law.  *Id.*  Plaintiff likely dropped the November 10, 19, 26, 30, 2007 and December 10, 19, 2007 voice message in her First Amended Complaint because NAFS explicitly states that it is a debt collection agency therein.  *See* Dkt #1.

In contrast, the voice message Plaintiff received on October 15 and 16, 2007 was recorded by the Team Manager for the Team that Plaintiff's account was assigned without receiving Paul Labaki's approval or authorization - a violation of NAFS's policy.  DE # 49, Defendant's SMF at #21.  NAFS does not admit that they violate state or federal law merely because NAFS does not explicitly identify itself as a debt collector.  *Id.* at #22.  Rather, NAFS only admits that the October 15 and 16, 2007 voice message was put into use in violation of the foregoing policy.  *Id.*  NAFS's policy requiring review of voice messages by its in-house is designed to ensure that messages like those Plaintiff received on November 10, 19, 26, 30, 2007 and December 10, 19, 2007 are used.  Accordingly, any alleged violation of the FDPCA that occurred as a result of the use of the October 15 and 16, 2007 voice message was unintentional and occurred despite NAFS's procedures reasonably adapted to avoid the alleged violation complained of by Plaintiff in the present case.

3. **NAFS's Has A Bona Fide Error Defense To The Alleged FDCPA Violations And FCCPA Violations Because Plaintiff Received The October 15 and 16, 2007 Message In Error.**

NAFS did not intend to call Plaintiff on October 15 and 16, 2007 and did so despite procedures reasonably adapted to avoid calling the wrong person. NAFS intended to contact an individual named J. Drossin on October 15 and 16, 2007 rather than Plaintiff.  NAFS obtained Plaintiff's number as the result of a skip-trace.  Defendant's SMF at #27-28.   Telephone numbers

9

obtained by NAFS via skip-tracing are not placed in computer fields that can be accessed by its auto-dialer. *Id.* at #29. Those telephone numbers are placed in fields that require a live person to telephone the number. *Id.* at #30. This is done so that NAFS can ensure that it is contacting the right individual. *Id.* at #31. When NAFS obtained Plaintiff's telephone number via skip-trace, it was erroneously placed in a field where it could be accessed by the auto-dialer as a result of human error. *Id.* at #32. As a result, NAFS auto-dialer was able to telephone Plaintiff and voice messages were left on Plaintiff's answering machine unintentionally left on October 15 and 16, 2007. *Id.* at #33. Plaintiff's sole response to NAFS's argument is that this procedure is not written and therefore, it should be disregarded. However, the *bona fide* error defense does not require that procedures be written in order to qualify for protection. *Ross v. RJM Acquisitions Funding LLC,* 480 F.3d 493, 497 (7th Cir. 2007) (finding a procedure based on an oral understanding sufficient to grant protection under the *bona fide* error defense) *Hyman v. Tate,* 362 F.3d 965, 968-69 (7th Cir.2004) (same). Accordingly, NAFS's is entitled to summary judgment because these messages were left unintentionally due to human error and occurred despite procedures reasonably adapted to avoid the error.

D. **PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT ON THE AMOUNT OF DAMAGES IS IMPROPER AND SHOULD BE DENIED.**

Should NAFS's be found liable for either a violation of the FDCPA or a violation of the FCCPA, the issue of the amount of statutory damages that should be awarded should be determined by the jury. First, Plaintiff demanded a jury trial. DE #1. Defendant was entitled to rely on this demand and was not obliged to file its own jury demand. *Calnetics Corp. v. Volkswagen of America, Inc.*, 532 F.2d 674 (9th Cir. 1976). Plaintiff cannot unilaterally waive his jury demand. *See* Fed. R. Civ. P. 38 ("A proper [jury] demand may be withdrawn only if the parties consent).

Second, the factors to be considered in determining a damage award under the FDCPA and FCCPA involve issues of fact for a jury. *See* 15 U.S.C. § 1692k(b) and F.S.A. § 559.77(2).

Specifically, in determining the amount of liability under the FDCPA in any action the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional all must be considered. 15 U.S.C.A. § 1692k(b). The amount of a damage award under the FCCPA involves nearly identical factual considerations. *See* F.S.A. § 559.77(2).

In *Sibley v. Fulton Collection Service*, 677 F.2d 830 (11th Cir. 1982), the court addressed the issue of whether a party upon timely demand is entitled to a jury trial in an action for damages under the Fair Debt Collection Practices Act. *Id.* at 831-32. The court analyzed the sources to a right to trial by jury stating:

> Congress may provide for trial by jury in the statute that creates the claim irrespective of whether the claim involves rights and remedies of the type traditionally enforced in a court of law before a jury. Alternatively, if the claim involves rights and remedies of the sort traditionally enforced in an action at law, the seventh amendment requires that the right to jury trial be preserved.

*Id.* at 832.

The court rejected plaintiff's argument that since Congress was silent as to the role of a judge and jury in an FDCPA action, Congress intended that a judge, not a jury try FDCPA cases. The court stated:

> It has been frequently determined, however, that the word "court," used in the Act and in the remedial portions of numerous other statutes, encompasses trial by both judge and jury rather than by judge alone. In this case, we likewise choose to interpret the word "court" to encompass trial by both judge and jury. This interpretation serves to avoid the serious constitutional questions that would be raised under the seventh amendment if we adopted a construction of the Act that prohibited trial by jury.

*Id.*

The court further rejected plaintiff's second argument that the seventh amendment does not supply the right to trial by jury under the FDCPA. The court concluded, "the Act's reference to an

11

allowance of damages by the court must be construed to embody the right of trial by jury." *Id.* at 834.

In *Kobs v. Arrow Service Bureau*, 134 F.3d 893 (7th Cir. 1998), the Seventh Circuit addressed the issue of whether the determination of statutory additional damages under the FDCPA should have been submitted to the jury or whether the court was permitted to make such determination where the jury determined actual damages and liability. The Seventh Circuit followed *Sibley* and cited the Fourth Circuit's decision in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978) and held:

> Therefore, based on the Eleventh Circuit's decision in *Sibley* under the FDCPA and the Fourth Circuit's decision in *Barber* under the analogous provision of the TILA, we hold that §1692k(a)(2) of the FDCPA provides for trial by jury in determining statutory additional damages and remand to the district court to impanel a jury for the purpose of determining the amount of statutory damages, if any, due to the plaintiffs. In instructing the jury on the issue of damages, the district court should inform the jury as to the maximum recovery allowable under law and as to the factors set forth in §1692k(b)(1) of the FDCPA which Congress has determined should be considered and which include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."

*Id.* at 898-99.

Plaintiff cites no authority for her contention that the factual issues involved with a damage award under the FDCPA and FCCPA may be decided on summary judgment. Accordingly, because questions of fact exist regarding the factors considered in determining statutory damages under the FDCPA and FCCPA summary judgment is not appropriate and Plaintiff's request for the same should denied.

### E. SUMMARY JUDGMENT SHOULD BE GRANTED IN NAFS'S FAVOR ON PLAINTIFF'S REQUEST FOR EQUITABLE RELIEF.

#### 1. Plaintiff's Request For Declaratory Relief Should Be Denied.

Plaintiff contends that a declaratory judgment is proper in this case. In support of her contention, Plaintiff cites *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 319-322 (N.D. Ill.

12

1995). However, a declaratory judgment is not proper under either the FDCPA or the FCCPA in this case and an examination of *Gammon* makes this point abundantly clear.

Initially, the defendant in *Gammon* did not challenge the availability of declaratory relief under the FDCPA. *Id.* at 320. NAFS, however, does challenge the availability of such relief under the FDCPA. Thus, a threshold question exists as to whether declaratory relief may be awarded. *Milton v. Rosicki, Rosicki & Associates, P.C.*, 2007 WL 2262893, 3 (E.D.N.Y. 2007) (denying certification of an FDCPA class under Rule 23(b)(2)); *Sparkman v. Zwicker & Assoc., P.C.,* 374 F.Supp.2d 293, 299 (E.D.N.Y.2005) (holding that declaratory relief and injunctive are unavailable under the FDCPA and granting summary judgment on the plaintiff's claims for such relief in the defendant's favor); *Bolin v. Sears Roebuck & Co.,* 231 F.3d 970, 977 (5th Cir.2000) (stating that equitable relief is not available under the FDCPA); *Sibley v. Fulton DeKalb Collection Servs.,* 677 F.2d 830, 834 (11th Cir.1982) (same).

Further, even if declaratory relief were available, it is not proper in this case. Declaratory relief on a class wide basis is generally not appropriate where the final relief relates exclusively or predominately to money damages. *Gammon*, 162 F.R.D. at 320. In *Gammon,* the court found that non-monetary relief predominated because the class recover would either be de minimis (less than 13 cents per class member) or the entire damage award would be donated to a *cy pres* recipient. *Id.* In this case and unlike *Gammon*, the monetary relief sought by Plaintiff predominates over the non-monetary relief requested. Plaintiff requests $531,300.00 in statutory damages under the FDCPA and FCCPA for Plaintiff and 84 putative class members. If granted the full damage award sought, each class member would recover approximately $6,250.58. That amount is a far cry from the approximately 13 cents per class member discussed in *Gammon*. Thus, declaratory relief is not proper because Plaintiff's monetary relief predominates.

Moreover, declaratory relief will not serve a useful purpose nor will it terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding because a court's finding of a violation taken in conjunction with an award of statutory damages serves as declaration that the either the FDCPA or the FCCPA was violated for all functional purposes.[4] Declaratory relief in addition to the finding of a violation and statutory damages is duplicative and therefore, improper.

This Court recently recognized that a similar request for declaratory relief was improper in another case involving voice messages. *See Hicks v. Client Services, Inc.,* 2008 WL 5479111, 10 (S.D.Fla. 2008). In *Hicks*, the plaintiff sought to bring a "hybrid" class action, for both monetary damages and injunctive relief. There, the Court recognized that the declaratory relief sought was merely incidental to the monetary damages making a Rule 23(b)(2) action is inappropriate and denied certification under Rule 23(b)(2). *Id.* In this case, like *Hicks,* the appropriate relief (if any) would be money damages rather than declaratory relief. Accordingly, summary judgment in NAFS's favor on Plaintiff's request for declaratory relief under the FDCPA and FCCPA is proper.

2.     **Plaintiff's Request For Injunctive Relief Should Be Denied.**

Plaintiff requests entry of a permanent injunction barring "NAFS from leaving telephone messages which do not state that the call is from a debt collector." Pl. Opp. Memo at p.17. This request is inappropriate because the relief requested is not needed. It is NAFS's policy to explicitly state that it is a debt collector in all of its voice messages to consumers. Moreover, NAFS's procedure requires that its in-house counsel, Paul Labaki, review all voice messages prior to actually using those voice messages is likely to prevent any future alleged violations of the FCCPA. The

---

[4]   *Gammon*, 162 F.R.D. at 320 ("[t]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." E. BORCHARD, DECLARATORY JUDGMENTS 299 (2d ed. 1941)).

October 15 and 16, 2007 voice message was used in violation of NAFS's policy and procedure. It was an isolated occurrence. This is evidenced by the fact Plaintiff does not complain of the other voice messages she received from NAFS on November 10, 19, 26, 30, 2007 and December 10, 19, 2007. Therefore, even if the October 15 and 16, voice message is found to have violated the FCCPA, there is no risk going forward that NAFS will use that voice message again. Plaintiff's request for injunctive relief is moot and summary judgment should be granted in favor of NAFS.

WHEREFORE, Defendant, NATIONAL ACTION FINANCIAL SERVICES, INC., respectfully requests this Court grant its motion for summary judgment, deny Plaintiff's motion for summary judgment and enter judgment in its favor.

Respectfully Submitted,

HINSHAW & CULBERTSON LLP

By: s/*Chioma U. Hibbert*

James I. Sullivan, Esquire
Florida Bar No. 0904430
jsullivan@hinshawlaw.com
Chioma U. Hibbert, Esquire
Florida Bar No. 0844381
chibbert@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive, Suite 500
Tampa, FL  33602
Tel.:  (813) 276-1662
Fax:  (813) 276-1956
*Attorney for Defendant, National Action Financial Services, Inc.*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WALLY E. DROSSIN, *on behalf of herself and all others similarly situated*,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>NATIONAL ACTION FINANCIAL  )<br>SERVICES, INC.,  )<br>)<br>Defendant.  ) | Case No. 07-61873-CIV<br>DMITROULEAS/ROSENBAUM |

### CERTIFICATE OF SERVICE

I, the undersigned an attorney, hereby certify that on **January 20, 2009,** I electronically filed the forgoing **DEFENDANT'S COMBINED RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.

HINSHAW & CULBERTSON LLP


By: s/*Chioma U. Hibbert*

James I. Sullivan, Esquire
Florida Bar No. 0904430
jsullivan@hinshawlaw.com
Chioma U. Hibbert, Esquire
Florida Bar No. 0844381
chibbert@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive, Suite 500
Tampa, FL  33602
Tel.:  (813) 276-1662
Fax:  (813) 276-1956
*Attorney for Defendant, National Action Financial Services, Inc.*

6403684v1  885078  48727